UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL CASE NO: 07-203-WOB

Eastern District of Kentucky
**FILED**
JUN 1 0 2009
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CHARMAINE M. FOGLE, as
Administratrix of the estates of Wayne
Fogle and William Fogel, et al.,          PLAINTIFFS,

V.

CSX TRANSPORTATION, INC. et al.,          DEFENDANTS.

## JURY INSTRUCTIONS

### Instruction No. 1

Immediately upon retiring to the jury room you will elect one of your number as foreperson. All of you must agree on each of the verdict questions you will be asked to answer.

Forms of verdict have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

## Instruction No. 2

It is your duty, as jurors, to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

It is your duty to determine the facts, and in so doing you must consider only the evidence as it is presented in this case. While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence presented.

In saying that you must consider all of the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, as well as of the weight to be given to the testimony or evidence presented to you.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters. You should consider each expert opinion and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may reject the opinion in whole or in part.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual. All persons, including corporations, stand equal before the law.

The burden is on the plaintiffs in a civil action such as this to prove every essential element of their claim by a "preponderance of the evidence." In this case, the defendants have also asserted a defense which requires them to prove the elements of that defense by a preponderance of the evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

## Instruction No. 3

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property.

"Ordinary care" is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others. The degree of care used by an ordinarily prudent person depends upon the circumstances and varies according to the harm that a person would reasonably foresee based upon what the person knew or should have known as a possible consequence of an activity in which he is engaged.

## Instruction No. 4

### Extra-Hazardous Crossing

Plaintiff claims that the Main Street railroad crossing in Walton, Kentucky is an extra-hazardous crossing, and that CSX Transportation, Inc. failed to exercise ordinary care by failing to install appropriate warning signals to account for the extra-hazardous nature of the crossing.

In order for you to find that the defendant acted negligently, you must first determine whether the railroad crossing is extra-hazardous. An extra-hazardous crossing is one where there is a real and substantial obstruction to the view or sight of the traveling public approaching a crossing. This may consist of cuts, embankments, vegetation or other obstacles that obstruct the view of the traveling public in close proximity to the crossing. If there are no physical obstructions to a driver's ability to see and hear a train, the crossing is not extra-hazardous. But if you find by the preponderance of the evidence that the Main Street railroad crossing has real and substantial sight obstructions, then you must find that the crossing is extra-hazardous.

## Instruction No. 5

Regardless of whether you find the crossing to be extra-hazardous, it was the duty of CSX Transportation, Inc. when approaching the Main Street Crossing:

1. To sound the horn at a point not less than 15 seconds nor more than 20 seconds prior to reaching the crossing, which horn sound may not exceed 25 seconds in duration, unless in the engineer's sole judgment a different horn usage is necessary in an effort to prevent imminent in injury, death or property damage;

2. To keep a lookout ahead for vehicles on or about to pass through the crossing or approaching it so closely as to be in danger of collision; Provided however, the operators of a train are not required to keep a lookout beyond the right of way of the railroad for vehicles approaching the highway crossing and

3. To exercise ordinary care generally to avoid collision with persons or vehicles using the crossing.

## Instruction No. 6

If you determine that the Main Street railroad crossing is not extra-hazardous, then CSX Transportation, Inc. had no duties other than those just defined in Instruction No. 4.

However, if you find that the Main Street railroad crossing is extra-hazardous, you must determine whether CSX Transportation, Inc. acted negligently regarding the types of safety measures and warnings that were present at the crossing. To find that CSX Transportation, Inc. acted negligently, you must find by a preponderance of the evidence that CSX Transportation, Inc. should have and could have taken greater safety measures to warn the public of approaching trains in light of all the circumstances relating to the Main Street crossing. In addition, you must find that the injuries and deaths of Wayne and William Fogle were caused, in whole or in part, by such negligence.

## Instruction No. 7

Regardless of whether the crossing was extra-hazardous, it was the duty of Wayne Fogle, while operating his vehicle, to exercise ordinary care for his own safety, for the safety of William Fogle, and for others using the roadway at the highway-rail grade crossing at Main Street. This general duty included the duty to stop at a railroad grade crossing when a visible electric or mechanical signal device warns of the immediate approach of a railroad train, to stop when an approaching train is visible and in hazardous proximity, and to look and listen for an approaching train movement.

Further, if you are satisfied from the evidence that the crossing was extra-hazardous and that Wayne Fogle knew, or by the exercise of ordinary care should have known the crossing was extra-hazardous, he had the duty to exercise increased care commensurate with the danger.

## Instruction No. 8

The plaintiffs' claims for damages include pain and suffering and lost of past and future income. In addition to those damages, Charmaine Fogle has a claim for loss of consortium based upon the loss of her husband, Wayne Fogle. "Consortium" means the love, services, comfort, solice, society and companionship that would have existed between spouses.

## VERDICT QUESTIONS

### Question No. 1

Do you find from a preponderance of the evidence that Wayne Fogle was negligent, and that his negligence caused, in whole or in part, the injuries and deaths of Wayne and William Fogle?

Answer yes or no: __YES__

_____
FOREPERSON

## Question No. 2

Do you find from the evidence that defendant CSX Transportation, Inc. was negligent, and that its negligence caused, in whole or in part, the injuries and deaths of Wayne and William Fogle?

Answer yes or no: __YES__

_____
FOREPERSON

If your answer to Question No. 2 is "no", do not continue with the next question. Instead, proceed to the last page, where you will sign the verdict form and return to the courtroom.

If your answer to Question No. 2 is "yes," continue with the instructions on the next page.

## Question No. 3

Determine from the evidence and indicate in the following blank spaces what percentage of the total fault for the collision was attributable to each of the parties you find to have been at fault. The percentage or percentages must equal 100%

    Wayne Fogle:                                    __80__ %

    CSX Transportation, Inc. Railroad        __20__ %

    TOTAL                                           100%

_____[signature redacted]_____
FOREPERSON

## Question No. 4

If you find the defendant CSX Transportation, Inc. was negligent and that such negligence caused, in whole or in part, the injuries and deaths of Wayne and William Fogle, you will then determine from the evidence and award Plaintiff sum of money that will fairly and reasonably compensate for the following:

| | |
|---|---|
| Physical or mental suffering of Wayne Fogle prior to his death | $ 50,000 |
| Physical or mental suffering of William Fogle prior to his death | $ 50,000 |
| Lost of past and future earnings of Wayne Fogle | $ 50,000 |
| Lost of past and future earnings of William Fogle | $ 50,000 |
| Loss of consortium for Charmaine Fogle | $ 50,000 |
| **Total Damages (addition of above sums)** | $ 250,000 |

14

## VERDICT FORM "A"

We, the jury, hereby find for the Plaintiffs the sum or sums reflected in the Verdict Questions herein.

                                                           ███████████
                                                           FOREPERSON

                                                           6/10/09
                                                           DATE

Please notify a courtroom security officer that you have reached a verdict.

15

## **VERDICT FORM "B"**

We, the jury, hereby find for the Defendant and award the Plaintiffs nothing on their complaint.

_____
FOREPERSON


_____
DATE


Please notify a courtroom security officer that you have reached a verdict.